[Civ. No. 2754.  Second Appellate District, Division One.—February 20, 1920.]

## TRAVIS GLASS COMPANY (a Corporation), Respondent, v. EDWARD F. ROBBINS, etc., Appellant.

[1] SALES—PURCHASE OF BOTTLES FOR SPECIAL PURPOSE—KNOWLEDGE OF MANUFACTURER—FINDINGS.—In this action by a manufacturer of glass articles to recover the purchase price of a certain lot of glass bottles which were wholly worthless and unfit for use in defendant's business, it not being possible to cleanse them by the method of sterilization used by defendant, under the findings of the court it could not be said either that the manufacturer knew that a special method of sterilization was to be used in cleansing them or that the bottles were not generally suitable for the purpose of the dairy business.

[2] ID.—LACK OF VALUE OF BOTTLES—FAILURE OF CONSIDERATION— CONSTRUCTION OF FINDINGS.—In such action a failure of consideration is not shown by a finding that the bottles were worthless for use in defendant's business "and are of no value whatsoever," where such finding follows the allegation of the answer, the whole text of which plainly indicates that it was the purpose of the defendant to allege a special contract for the manufacture of bottles for a special purpose, and that the bottles as manufactured did not suit the purpose intended.

----

1. Implied warranty of fitness of particular article purchased from manufacturer for particular use, notes, 22 L. R. A. 189; 15 L. R. A. (N. S.) 855.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

James E. Kelby for Appellant.

J. W. Falkner for Respondent.

JAMES, J.—Plaintiff sued to recover the purchase price of a certain lot of glass bottles. Judgment was in its favor, and the defendant appeals from the judgment and also from an order made denying his motion for a different judgment upon the findings of fact.

Plaintiff at the time material to this controversy was engaged in the manufacturing of glass articles in the state of West Virginia and was represented in Los Angeles by a sales agent. Defendant was engaged in the business of conducting a dairy, which included the delivery of milk to customers in glass bottles. In May, 1916, defendant placed an order with the local agent of the plaintiff for a large quantity of bottles, aggregating in price the sum of $1,021.48. The contract for the bottles was in form a written order specifying the quantities and sizes of the bottles desired, and this order was signed by plaintiff's agent and also by the agent of the defendant. Upon the face of the order appeared the statement: "Sample bottles showing exact finish wanted is being sent by express." The bottles were manufactured and shipped to defendant, were received by him, but he found them unsuited to his use and attempted to rescind the contract and demanded back the amount of freight charges which he had paid. In the answer filed, as one of the defenses to the action, defendant alleged in substance the following facts: That he was at the time the order for bottles was given engaged in selling and delivering "certified" milk; that said milk was largely supplied for the use of invalids and children; that by reason of its special use the milk was required to be absolutely pure and delivered in clean and sanitary bottles; that in the business in which defendant was specially engaged the usual and ordinary method of sterilizing bottles was to place them in a heated solution of commercial washing soda; that when defendant

attempted to use the bottles received from the plaintiff and sterilize them in the usual manner "spots and patches" appeared over the inner surface and "to such an extent that the interior surface presented in such spots a frosted appearance; that such frosted appearance could only be removed by scraping, and that when removed left the surface of the bottle in an etched and roughened condition, which could not be cleansed thoroughly or properly or at all; that such frosted appearance developed immediately upon said bottles being put into use"; that a chemical examination showed that the frosting so appearing consisted of "silica, alumina and lime, and indicated a chemical decomposition or breaking down of the constituents of the glass." There were the further allegations that in defendant's business it was only possible to use smooth, glazed bottles which might be thoroughly cleansed and sterilized, and that the condition which developed on the bottles in question gave the appearance that such bottles were not clean, and that for such reason they were wholly worthless, "valueless and unfit for use in defendant's business, and . . . of no value whatsoever." Defendant also alleged that the order was given for bottles for the particular purpose of being used as containers for certified milk, "and that the same was well known to plaintiff and to plaintiff's said agent." There was a cross-complaint filed claiming damages by reason of loss suffered by defendant in his business because of the attempted use of the bottles.

The court made findings determining the facts generally to be as set out in the answer of the defendant as to the condition of the bottles after sterilization; found that "by reason of such condition of said bottles, and all of them, they were and are wholly worthless, valueless and unfit for use in defendant's business, and are of no value whatsoever." The court affirmatively found, however, as follows: "The said bottles were desired by the defendant for the particular purpose of being used as containers for certified milk, but that was not well known to plaintiff, although it may have been to plaintiff's soliciting agent. . . . The shipment of bottles corresponded in shape and finish with the sample bottle that had been forwarded to plaintiff, and that was all that defendant stated to plaintiff that the sample bottle

46 Cal. App.—16

was sent for." It may be added that the written order designated the purchaser as "Arden Dairy, Certified."

It is the contention of appellant in the main that the bottles were manufactured under special order for a special purpose, to wit, to be used as containers for "certified" milk, and that the plaintiff under the circumstances should be held to warrant that the glass in the bottles was so constituted as to be able to withstand the chemical used in the sterilization process. It is claimed that by the use of the word "certified" the plaintiff was charged with knowledge of the fact that the bottles required a special method of sterilization such as was employed by the defendant. The appeal is presented on the judgment-roll, hence we have not the evidence before us. While the trial court found that the use which defendant desired to make of the bottles involved the use of commercial soda as a cleansing agent, it also found that the particular purpose was "not well known to plaintiff, although it may have been to plaintiff's soliciting agent." This finding negatives knowledge on the part of the plaintiff of the fact adverted to. There is nothing in the findings to show that by the mere use of the word "certified" it was indicated to the manufacturer of the bottles that it would be necessary in sterilizing the containers to use a caustic chemical which might have a deteriorating effect upon the glass. The contract stated that the sample bottle showed the "finish wanted" and the court found that the bottles delivered corresponded "in shape and finish with the sample bottle." Section 1770 of the Civil Code does provide that "One who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose." [1] Under the findings of the court it cannot be said either that the manufacturer knew that a special method of sterilization was to be used or that the bottles were not generally suitable for the purpose of the dairy business.

[2] Aside from the proposition discussed, it is argued that a failure of consideration was shown under the finding made by the trial judge when he determined that by reason of the condition of the bottles they were worthless for use in defendant's business, "and are of no value whatsoever." It is urged that this finding had the effect of deciding that, irrespective of the special use to which defendant desired

to put the bottles, they were valueless—in other words, value-less generally for the purpose of containing milk. We do not so construe the finding. The finding followed the al-legations of the answer, the whole text of which plainly indicates that it was the purpose to allege a contract for the manufacture of bottles for a special purpose, and that the bottles as manufactured did not suit the purpose intended. The last phrase, that the bottles were of no value whatsoever, should, we think, be construed with what im-mediately precedes it and be qualified by the language there used.

The judgment, in our opinion, upon the record presented, should be sustained.

The judgment and the order denying the motion for a different judgment upon the findings of fact are affirmed.

Conrey, P. J., and Shaw, J., concurred.